### MARTIN et v MARTIN

Ohio Appeals, 4th Dist, Athens Co

Decided March 19, 1932

Woolley & Rowland, Athens, for plaintiffs in error.

L. G. Worstell, Athens, and Jones, Jones & Erskine, Athens, for defendant in error.

MIDDLETON, J.

In this proceeding we have been favored with a copy of the opinion of the trial court. That opinion fully reviews the facts in evidence. We have read the record and find no reason to differ from that court in its conclusions on the evidence.

It is urged here that Curtis Martin under the established facts had no right of action against the plaintiffs in error for the reason that there was no privity of contract between Curtis and plaintiffs in error. The answer to this contention is that the action in the trial court was and is not an action against the plaintiffs in error as individuals for a personal judgment, but it is only an action in rem solely to effect a lien on real estate to which the plaintiffs in error have title. The contract under which Curtis Martin claims a right to the property by reason of a mortgage imposes no personal liability on the then owner of the real estate and there is no personal liability attaching to his heirs, all of whom are parties to this action. The contract in question gave Charetta Martin the right to borrow $1,500 and secure the payment by a mortgage on the real estate described therein. This she did by giving the mortgage set forth in the petition. It would seem that her right is not seriously disputed, and the instrument which she executed as a mortgage is at least · enforcible in equity against the real estate.

The real question in this case is whether or not there is a defect in the parties defendant. It appears from the petition that certain persons therein named as parties defendant have claims growing out of the expenses of the last sickness and burial of the said Charetta Martin. By the contract these parties have a lien on the property for the payment of their claims. They are necessary parties, therefore, to this proceeding. Curtis Martin can have no final adjudication of his rights until the claims of the parties named are established or denied. For this reason the case must be remanded to the Court of Common Pleas and the persons who are alleged to have claims by reason of the expenses incurred in the last sickness and burial of Mrs. Martin must be brought into court and required to set up their claims or be forever barred therefrom. If that court should find it necessary to adjust the claims of creditors not named in the petition, or if it should have any reason to believe that there are creditors other than those named in the petition it may by the appointment of a master commissioner require that officer to determine who are the creditors entitled to a lien on the premises described in the petition and the amount of their claims.

Judgment reversed and cause remanded to the Court of Common Pleas for further proceedings according to law.

MAUCK, PJ, and BLOSSER, J, concur.